**Carlos Javier GALARZA–ARIAS, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

**No. 14–4386.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2015.

James A. Welcome, Waterbury, CT, for Petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, PIERRE N. LEVAL and GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Carlos Javier Galarza–Arias, a native and citizen of Ecuador, seeks review of an October 30, 2014, decision of the BIA affirming the June 27, 2013, decision of an Immigration Judge ("IJ"), denying his motion for another continuance (he had already received several) and ordering him removed. *In re Carlos Javier Galarza–Arias,* No. A087 760 380 (B.I.A. Oct. 30, 2014), *aff'g* No. DP A087 760 380 (Immig. Hartford Jun. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). The IJ's denial of a request for a continuance is reviewed "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales,* 445 F.3d 549, 551 (2d Cir.2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan,* 445 F.3d at 551–52 (internal quotation marks, brackets, and citation omitted). The IJ did not abuse discretion in denying Galarza–Arias a continuance to appeal the denial of his petition for Special Immigrant Juvenile Status ("SIJS").

The IJ considered the factors set forth in *Matter of Hashmi,* 24 I. & N. Dec. 785, 790 (B.I.A.2009), as required. *See Flores v. Holder,* 779 F.3d 159, 164 (2d Cir.2015). Further, the agency was permitted to rely solely on the denial of the underlying SIJS petition to decline to continue proceedings because, when the BIA affirmed the IJ's decision, Galarza–Arias had not appealed the underlying denial, despite having had more than a year to do so. *See Pedreros v. Keisler,* 503 F.3d 162, 165 (2d Cir.2007) (per curiam).

Galarza–Arias's due process claim fails because, as the BIA noted, he has not demonstrated that he suffered any prejudice. *See Garcia–Villeda v. Mukasey,* 531 F.3d 141, 149 (2d Cir.2008). He has not appealed the denial of his SIJS petition, which was the purpose of the requested continuance.

For the foregoing reasons, the petition for review is DENIED.